■ JOAN W. KESSELER, Appellant, v. HOWARD J. KESSELER, Respondent.— Order of June 2, 1958 unanimously affirmed, without costs. It appears from the decision of the trial court, upon which the order appealed from was made, that in reaching its conclusion to award custody of the child to respondent reliance was placed in part upon reports made to it by a psychiatrist, a psychologist and a family counselor. Pursuant to stipulation of counsel these reports were held confidential and the contents thereof have not been revealed to the parties and their respective counsel. In commenting upon the use of such reports we said in *People ex rel. Fields* v. *Kaufmann* (9 A D 2d 375, 378) : " reports of experts are  *  *  * aids to the court in custody matters  *  *  *. What must be borne in mind, however, is that they are only aids and, if not woven into the fabric of the record, should not form the base for the decision." (See, also, *People ex rel. Schlanger* v. *Schlanger*, 8 A D 2d 801; *Herb* v. *Herb*, 8 A D 2d 419.) If such reports should be taken into consideration by the trial court, of course, they must be made available to counsel. In this case it appears, however, that extended hearings were conducted herein and the court's decision is based, in the major part, upon the testimony and documentary evidence there adduced. Disregarding the confidential reports of the experts as the court below should have done inasmuch as they were not made part of the record, we still find in the record ample evidence to sustain the determination awarding custody of the child to the respondent with limited privilege of visitation to the appellant. Order of June 30, 1959 unanimously affirmed, without costs. Concur — Rabin, J. P., Valente, McNally, Stevens and Bastow, JJ., in the above memorandum and also in the following concurring memorandum of Valente, J.: The order granting custody of the infant to the father is dated June 2, 1958, and the order denying a custody hearing *de novo*, and for counsel fees and the cost of any appeal, is dated June 30, 1959. Hence, under the orders appealed from, the child has been in the custody of the father for almost two years. That lapse of time makes appellate review of the correctness of the custody order a futile and academic procedure. Since it is the welfare of the child which is the prime consideration in custody proceedings, a determination of that question must depend upon existing conditions and not upon whether custody at some remote past date was properly awarded. Delay in prosecuting the appeal must be laid at the door of appellant. That delay has created the situation which makes appellate review of the custody order senseless as a practical matter. For even were this court in disagreement with the determination made in June, 1958, a new hearing would be ordered, which hearing would perforce be based on present conditions and not on the facts as they existed in May, 1958. Therefore, the orders should be affirmed, without costs, but without prejudice to any application the mother may make for a renewal of her motion for a change of

custody, at which a new hearing can be held to determine what is for the best interests of the child at the time of the application.